**Ross Attley Lumber Company, Appellee, v. Columbia Hardwood Lumber Company, Appellant.**

**Gen. No. 21,362. (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. BENJA-MIN W. POPE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed July 20, 1916.

## Statement of the Case.

Action by Ross Attley Lumber Company, a corporation, plaintiff, against Columbia Hardwood Lumber Company, a corporation, defendant, to recover the contract price of two cars of lumber. With its declaration, plaintiff filed its affidavit of claim, showing $1,419.93 due. The defendant filed with its plea of the general issue thereto, an affidavit of merits alleging that said lumber was not up to grade, nor according to contract; that defendant had not accepted same and that plaintiff was indebted to defendant for freight and demurrage charges paid by defendant on said lumber in the sum of $238.92. There was a trial by jury resulting in a verdict in favor of plaintiff in the sum of $1,399.52. From such verdict the plaintiff consented to a remittitur of $38.95, and, thereupon, motion for a new trial was overruled and judgment entered against defendant in the sum of $1,360.57. From such judgment, defendant appeals.

It appeared that defendant, in Chicago, ordered from plaintiff two carloads of quarter oak lumber, "flooded stock, but very well washed and cleaned." Said lumber was shortly thereafter shipped by plaintiff from Heth, Arkansas, to defendant's order, Chicago. There was a conflict of evidence as to the condition of the lumber in question upon its arrival in Chicago. It was sold subject to the rules of inspection

of the National Hardwood Association. These rules did not appear in evidence. Upon its inspection by defendant, the latter refused to accept the lumber, and, subsequently, declined to permit a mutual inspection thereof, on the ground that a portion of said lumber was covered with mud, that it was not possible, therefore, to determine how badly it had been damaged by water, asked plaintiff to pay the freight and demurrage charges thereon and take it away. Defendant's secretary, A. H. Schoen, testified that he telephoned plaintiff, before defendant removed the lumber from the cars, that it was not up to grade and not what defendant ordered; that plaintiff's representative upon the following day requested defendant to unload the lumber from the cars so as to save demurrage, which defendant did. No part of the lumber in question had been used by defendant and remained in its possession, subject to plaintiff's order. There was evidence introduced by defendant tending to show that the value of said lumber, when received, was $330 to $340 less than the contract price.

HARRY A. BIOSSAT, for appellant.

HAMLIN & TOPLIFF and NORMAN K. ANDERSON, for appellee; HOMER H. COOPER, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 450*—*when order and acceptance constitute contract.* An order of goods followed by an acceptance of such order constitutes the contract between the parties.

2. SALES, § 243*—*when warranty implied.* Where goods of a certain kind are ordered and such order is accepted, there is an implied warranty on the part of the seller that the buyer will get the goods ordered.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ross Attley L. Co. v. Columbia H. L. Co., 200 Ill. App. 65.

3. Sales, § 329*—*when evidence insufficient to show acceptance.* In an action to recover the contract price of certain goods, evidence examined and *held* insufficient to show an acceptance of the goods by the buyer.

4. Sales, § 279*—*when conduct of buyer insufficient to show waiver of implied warranty of quality.* In an action to recover the contract price of goods sold, evidence that the buyer after inspecting the goods and rejecting them refused the request of the seller to have an inspection of the goods made by a third person, but continued to retain possession at the latter's request, is not sufficient to show such acceptance as would waive an implied warranty as to quality of the goods.

5. Sales, § 330*—*when instruction erroneous.* In an action to recover the contract price of goods, a requested instruction of the seller that if the jury believed from the evidence that the buyer accepted the goods it would be liable under its contract, should be refused where it excludes the element of implied warranty arising from the contract.

6. Sales, § 330*—*when instruction erroneous.* In an action to recover the contract price of goods, an instruction which proceeds upon the theory that if the goods were not according to the contract but the buyer accepted them, the implied warranty as to quality was thereby waived, is erroneous.

7. Sales, § 330*—*when instruction erroneous.* In an action to recover the contract price of goods, an instruction which erroneously states what will constitute a constructive acceptance and invades the province of the jury by assuming such acceptance should be refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.